PD-1229-15

PD-1229-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/16/2015 4:53:57 PM
Accepted 9/22/2015 11:05:26 AM
ABEL ACOSTA
CLERK

CAUSE NUMBER _____

## IN THE TEXAS COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

**JOSEPH FOLSE,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

On Petition for Discretionary Review from the Thirteenth Court of Appeals
in Cause No. 13-13-00459-CR Affirming conviction from the 347th District
Court of Nueces County, Texas in Trial Cause No. 13-CR-1135-H

FILED IN
COURT OF CRIMINAL APPEALS

September 22, 2015

ABEL ACOSTA, CLERK

**TRAVIS BERRY**
**Texas Bar No. 24059194**
**P.O. Box 6333**
**Corpus Christi, Texas 78466**
**Telephone: (361) 673-5611**
**Facsimile: (361) 442-2562**
**travisberrylaw@gmail.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT IS REQUESTED**

## IDENTITY OF INTERESTED PARTIES

Pursuant to Texas Rule of Appellate Procedure 68.4(a), Appellant lists the following persons who have an interest in the appeal:

**JUDGE:**     Hon. Missy Medary
347th District Court
901 Leopard
Corpus Christi, Texas 78401
Telephone: (361) 888-0593

**PARTIES:**                                          **COUNSEL FOR APPELLANT:**

Joseph Folse - Appellant                    John Perry (trial court)
Texas Bar No. 15803100
4833 Saratoga Blvd., #317
Corpus Christi, TX 78413
Telephone: 361-815-1103

Alicia Cuellar (first appellate counsel)
Texas Bar No. 08122500
P.O. Box 7608
Corpus Christi, TX 78467
Telephone: (361) 854-5951

Steven Byrne (counsel - direct appeal)
Texas Bar No. 24050365
302 Rosebud
Corpus Christi, TX 78404
Telephone: (361) 877-2099

Travis Berry (PDR)
Texas Bar. No 24059194
P.O. Box 6333
Corpus Christi, Texas 78466-6333
T: (361) 673-5611; F: (361) 442-2562
travisberrylaw@gmail.com

The State of Texas

Mark Skurka
Nueces County District Attorney
Texas Bar No. 18475570
901 Leopard Street - Rm. 206
Corpus Christi, Texas 78401
Telephone: (361) 888-0410
mark.skurka@nuecesco.com

**COUNSEL FOR THE STATE:**

Douglas Norman
Assistant District Attorney (Appeals)
Texas Bar No. 12921500
901 Leopard Street - Rm. 206
Corpus Christi, Texas 78401
douglas.norman@co.nueces.tx.us

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................... ii

TABLE OF CONTENTS ...................................... iv.

INDEX OF AUTHORITIES .................................... vi.

STATEMENT REGARDING ORAL ARGUMENT ...................... ix.

STATEMENT OF THE CASE ................................... x.

STATEMENT OF PROCEDURAL HISTORY .......................... xi.

QUESTION PRESENTED FOR REVIEW ........................... xii.

GROUND FOR REVIEW ...................................... 1

ARGUMENT ........................................... 2

    FIRST *STRICKLAND* PRONG: REASONABLENESS OF TRIAL
    COUNSEL'S PERFORMANCE ............................... 5

    FIRST STRICKLAND PRONG: REASONABLENESS OF INITIAL
    APPELLATE COUNSEL'S PERFORMANCE ...................... 11

    SECOND STRICKLAND PRONG: REASONABLE PROBABILITY
    RESULT WOULD HAVE BEEN DIFFERENT AT TRIAL ........... 18

    SECOND STRICKLAND PRONG: REASONABLE PROBABILITY
    THAT THE RESULT WOULD HAVE BEEN DIFFERENT ON DIRECT
    APPEAL ............................................ 20

CONCLUSION ........................................... 21

PRAYER FOR RELIEF ...................................... 21

CERTIFICATE OF SERVICE ................................. 23

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

EXHIBIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# INDEX OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*Belcher v. State*, 93 S.W. 3d 593(Tex.App. - Houston [14th Dist.] 2002) . . . . . 16

*Bone v. State*, 77 S.W.3d 828 (Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . . . . . . 3

*Butler v. State*, 716 S.W.2d 48 (Tex.Crim.App.1986) . . . . . . . . . . . . . . . . . . . . . 6

*Champion v. State*, 82 S.W.3d 79 (Tex.App.-Amarillo 2002, pet. ref'd) . . . . . . . 12

*Douglas v. California*, 372 U.S. 353 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Ex parte Adams*, 707 S.W.2d 646 (Tex.Crim.App.1986) . . . . . . . . . . . . . . . . . . . 5

*Ex parte Daigle*, 848 S.W. 2d 691 (Tex.Crim.App. 1993) . . . . . . . . . . . . . . . . . 12

*Ex parte Felton*, 815 S.W.2d 733 (Tex.Crim.App. 1991) . . . . . . . . . . . . . . . . . . 11

*Ex parte Harrington* 310 S.W.3d 452 (Tex.Crim.App. 2010) . . . . . . . . . . . . . . . 2

*Ex parte Martinez*, 330 S.W. 3d 891 (Tex.Crim.App. 2011) . . . . . . . . . . . . . . . 3

*Ex parte Miller*, 330 S.W.3d 610 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . 3, 13

*Ex parte Nailor*, 149 S.W.3d 125 (Tex.Crim.App. 2004) . . . . . . . . . . . . . . . . . . 3

*Ex parte Pool*, 738 S.W.2d 285 (Tex.Crim.App. 1987) . . . . . . . . . . . . . . . . . 6, 20

*Ex parte Reedy*, 282 S.W.3d 492 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . 2, 9

*Ex parte Welborn*, 785 S.W.2d 391 (Tex.Crim.App.1990) . . . . . . . . . . . . . . . . 10

*Evitts v. Lucey*, 469 U.S. 387 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Funk v. State*, 188 S.W.3d 229 (Tex.App.-Fort Worth 2006, no pet.) . . . . . . . . . 12

*Garcia v. State*, 757 S.W.3d 436 (Tex.Crim.App. 2001) . . . . . . . . . . . . . . . . . . 4

*Hanson v. State*, 11 S.W.3d 285(Tex.App.-Houston [14th Dist.]1999, pet. ref'd) 12

*Hill v. Lockhart*, 474 U.S. 52 (1985) . . . . . . . . . . . . . . . . . . . . . . . . 5, 19, 20

*Jackson v. State*, 877 S.W.2d 768 (Tex.Crim.App. 1994) . . . . . . . . . . . . . . . . 4

*Massingill v. State*, 8 S.W.3d 733 (Tex. App-Austin 1999, pet.ref'd) . . . . . . 12, 16

*McFarland v. State*, 928 S.W.2d 482 (Tex.Crim.App.1996) . . . . . . . . . . . . . . . 12

*McMann v. Richardson*, 397 U.S. 759 (1970) . . . . . . . . . . . . . . . . . . . . 5, 19

*Melton v. State*, 987 S.W.2d 72 (Tex.App.–Dallas 1998, no pet.) . . . . . . . . . . . 4

*Mempa v. Rhay*, 389 U.S. 128, 134 (1967) . . . . . . . . . . . . . . . . . . . . . . 11

*Menefield v. State*, 363 S.W.3d 591 (Tex.Crim.App. 2012) . . . . . . . . . . . . . . . 4

*Ortiz v. State*, 93 S.W.3d 79 (Tex.Crim.App. 2002) . . . . . . . . . . . . . . . . . . 4

*Prudhomme v. State*, 28 S.W.3d 114 (Tex.App.-Texarkana 2000, pet. ref'd) . . . 12

*Roe v. Flores-Ortega*, 528 U.S. 470 (2000) . . . . . . . . . . . . . . . . . . . . . . 12

*Smith v. Robbins*, 528 U.S. 259 (2000) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Smith v. State*, 286 S.W.3d 333 (Tex.Crim.App. 2009) . . . . . . . . . . . . . 4, 18, 20

*Strickland v. Washington*, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . *passim.*

*Thompson v. State*, 9 S.W.3d 808 (Tex.Crim.App. 1999) . . . . . . . . . . . . 3, 16, 17

*Tong v. State*, 25 S.W.3d 707 (Tex.Crim.App. 2000) . . . . . . . . . . . . . 3, 4, 18, 20

*United States v. Bass*, 310 F. 3d. 321 (5th Cir. 2002) . . . . . . . . . . . . . . . . . 13

*United States v. Cronic*, 466 U.S. 648 (1984) . . . . . . . . . . . . . . . . . . 10, 13

*United States v. Williamson*, 183 F.3d. 458 (5th Cir. 1999) . . . . . . . . . . . . . . . . . 12

*Villa v. State*, 417 S.W.3d 455 (Tex.Crim.App. 2013) . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES AND RULES                                                PAGE

Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10

T.C.C.P. Article 26.04(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. R. App. P. 66.3(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 66 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xi.

Tex. R. App. P. 68 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xi.

## TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

## STATEMENT REGARDING ORAL ARGUMENT

In the event this petition is granted, Appellant requests oral argument. Oral argument would assist this Court in resolving the issue of whether trial counsel's failure to investigate a prior DWI charge from 1982, alleged by the State to enhance Appellant's 2013 DWI charge to a felony, constituted ineffective assistance of counsel.

Oral argument would also assist whether counsel on direct appeal rendered effective assistance when failing to contact Appellant during a critical stage of the appeal.

## STATEMENT OF THE CASE

Appellant, Joseph Folse, was accused by indictment on April 4, 2013, of Driving While Intoxicated - Third, a state jail felony. (CR3) The State's enhancement alleged that Appellant had a previous DWI conviction from Dallas County, Texas in 1982, and a previous DWI conviction from Collin County, Texas in 1988.

Appellant was advised by his attorney to plea true to the enhancement paragraphs and to plea guilty to the instant DWI charge. Appellant pled guilty in exchange for a ten (10) year sentence of imprisonment probated for five (5) years. (CR47, RR2-15)

# STATEMENT OF PROCEDURAL HISTORY

In an unpublished opinion delivered July 2, 2015, a panel of the Thirteenth Court of Appeals affirmed the judgement of the trial court. On July 16, 2015, Appellant filed a motion to extend time to file a motion for rehearing. On August 10, 2015, Appellant's motion for rehearing was filed. On August 17, 2015, the Court of Appeals denied Appellant's motion for rehearing.

Appellant now files his petition for discretionary review pursuant to Rules 66 and 68 of the Texas Rules of Appellate Procedure.

# QUESTIONS PRESENTED FOR REVIEW

#1:    Whether the Court of Appeals erred in holding under *Strickland*, that trial counsel's failure to investigate a prior DWI charge from 1982, alleged by the State to enhance Appellant's 2013 DWI charge to a felony, constituted ineffective assistance of counsel?

#2:    Whether the Court of Appeals erred by holding under *Strickland* that initial appellate counsel was effective by failing to provide any representation to Appellant for over eight (8) months missing the opportunity to file a viable motion for new trial?

## GROUND FOR REVIEW

The Court of Appeals' decision has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. Tex.R.App.P. 66.3(c)

1

# ARGUMENT

## ARGUMENT #1:

TRIAL COUNSEL'S FAILURE TO CONDUCT A REASONABLE INVESTIGATION INTO THE STATE'S ENHANCEMENT ALLEGATION RESULTED IN APPELLANT BEING ADVISED TO PLEA GUILTY TO A FELONY DWI THAT SHOULD HAVE BEEN CHARGED AS A MISDEMEANOR CAUSING APPELLANT ACTUAL HARM.

## ARGUMENT #2:

INITIAL APPELLATE COUNSEL'S FAILURE TO CONTACT APPELLANT FOR NINE (9) MONTHS CAUSED APPELLANT ACTUAL HARM AS HE HAD A VIABLE BASIS FOR THE GRANT OF A NEW TRIAL.

### THE LAW AND PRECEDENTS

The U.S. Constitution states in the Sixth Amendment, "In all criminal prosecutions, the accused shall have the assistance of counsel for his defense." A defendant has a Sixth Amendment right to the effective assistance of counsel in guilty-plea proceedings. *Ex parte Harrington* 310 S.W.3d 452, 458 (Tex.Crim.App. 2010); *Ex parte Reedy*, 282 S.W.3d 492,500-01 (Tex.Crim.App. 2009)

2

Ineffective assistance of counsel claims are evaluated under a two-part test. *Strickland v. Washington*, 466 U.S. 668 (1984). See, *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Ineffectiveness claims cannot be "built on retrospective speculation," but must be firmly rooted in the record, with the record affirmatively demonstrating the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002). Failure to satisfy either prong negates a reviewing court's need to consider the other. *Strickland*, 466 U.S. at 697; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex.Crim.App. 2011).

Reviewing court must "first analyze all allegations of deficient performance, decide whether counsel's conduct was constitutionally deficient, and, if so, then consider whether those specific deficient acts or omissions, in their totality, prejudiced the defense' " *Ex parte Miller*, 330 S.W.3d 610, 616, n. 10 (Tex.Crim.App. 2009) (quoting *Ex parte Nailor*, 149 S.W.3d 125, 130 (Tex.Crim.App. 2004)).

The record must demonstrate trial counsel's representation fell below an objective standard of reasonableness. *Villa v. State*, 417 S.W.3d 455, 462-63 (Tex.Crim.App. 2013); *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000).

Reviewing court indulges a strong presumption counsel's conduct falls

3

within a wide range of reasonable, professional assistance, motivated by sound trial strategy. See, *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). "If counsel's reasons for his conduct do not appear in the record and there is the least possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88-89 (Tex.Crim.App. 2002).

When trial counsel's reasons do not appear in the record, appellate courts should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 757 S.W.3d 436, 440 (Tex.Crim.App. 2001) (citations omitted); see, *Menefield v. State*, 363 S.W.3d 591, 593 (Tex.Crim.App. 2012). Failure adequately to investigate facts of case independently is a proper ground for ineffectiveness. See, *Melton v. State*, 987 S.W.2d 72, 77 (Tex.App.–Dallas 1998, no pet.)

The second *Strickland* prong requires showing that deficient performance prejudiced the defense such that, but for the deficiency, there is a reasonable probability the trial result would have been different. *Strickland*, 466 U.S. at 694; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Smith v. State*, 286 S.W.3d 333, 340 (Tex.Crim.App. 2009).

4

## FIRST *STRICKLAND* PRONG: REASONABLENESS OF TRIAL COUNSEL'S PERFORMANCE

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that the two-part test announced in *Strickland v. Washington*, 466 U.S. 688 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. See also *Ex parte Adams*, 707 S.W.2d 646 (Tex.Crim.App.1986). Thus, it is applicant's burden to first prove that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

In denying Appellant relief under the first prong of *Strickland*, the Court of Appeals held that "there is nothing in the record showing why Folse's trial attorney did not seek to challenge the validity of the 1982 conviction and a claim for ineffectiveness of counsel must be supported by the record." (Op.6)

Government records within this record on appeal show that Appellant only had one prior conviction for DWI. (CR41) Also see Appellant's DPS history in Appellant's Exhibit #1. The records the State relied upon for the second previous conviction for DWI in 1982 did not show a conviction. (CR 42-46) The court of Appeals agreed that these records "did not state what crime Folse was charged with and it does not explicitly state that he was convicted." (Op.5)

5

Prior to entering his guilty plea, Appellant told his attorney that he was never convicted of DWI in 1982 in Dallas County, Texas. Appellant's initial appellate counsel Alicia Cuellar was ordered to a status hearing on the appeal which prompted a letter to the trial court where counsel informed that trial counsel should have challenged the State's 1982 DWI allegation:

> "Mr. Folse has brought to my attention possible valid grounds to appeal his conviction in the above-referenced cause. Mr. Folse and I talked to [prosecutor] in your court and he was able to ascertain Mr. Folse's claim as to having only one prior conviction for DWI and not two as alleged in the indictment. Probably his case should have been handled as a misdemeanor and not a felony.
>
> Mr. Folse brought this information to the attention of his [attorney] before he pled guilty and the enhancement stated in the indictment *should have been challenged by defense counsel but failed to do so.*" (CR.SUPP.4)

In *Butler v. State*, 716 S.W.2d 48 (Tex.Crim.App.1986), this Court held that it is fundamental that an attorney representing a defendant must acquaint himself not only with the law but also the facts of the case before he can render reasonably effective assistance of counsel, and that relying upon the facts of the case as represented by a prosecuting attorney is not sufficient. See *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim.App. 1987) Here, trial counsel relied upon the information contained within the State's indictment when pleading Appellant guilty and failed to investigate the State's exhibit's on the enhancement before

6

advising Appellant to plead true.

The Court of Appeals further held that Appellant's claim of ineffectiveness under the first prong of *Strickland* failed because, "Folse has not shown that counsel's actions were so outrageous that no competent counsel could have engaged in it......[because] there are possible strategic reasons why Folse's trial counsel may have advised Folse to accept the plea bargain." (Op.6)

The Court of Appeals addressed this sound defense "strategy" behind pleading his client to a deficient felony indictment rather than seeking a reduction to a misdemeanor DWI:

> "even if counsel believed the 1982 conviction was invalid, he may have strategically advised Folse to plead guilty to the felony because the State was offering a plea bargain under which it would recommend probation. There is nothing in the record indicating that a similar plea bargain would have been on the table if Folse pleaded guilty to a misdemeanor. Indeed, as there is no dispute that Folse was previously convicted of DWI in 1998, jail time would have been mandatory if Folse had pleaded guilty to misdemeanor DWI. See TEX. PENAL CODE ANN. § 49.09(a) (stating that DWI is a Class A misdemeanor with a minimum term of confinement of thirty days if it is shown that the defendant has one prior DWI conviction). For these reasons, we cannot agree with appellant's argument that no competent counsel would have allowed his client to plead guilty to felony DWI." (Op.7)

Clearly, the Court of Appeals failed to address the wide difference between a misdemeanor conviction and a felony conviction, especially when it concerns DWI cases. See Appellant's brief p.7. Initial appellate counsel also recognized this

7

important difference when asserting the felony charge "should have been challenged". (CR.SUPP.7) You cannot receive a deferred probation felony DWI and a defendant becomes a convicted felon upon his plea. This immediately removes a vast amount of important, fundamental rights of Appellant when he took trial counsel's advice to plea true to the State's felony indictment.

Inexplicably, the Court of Appeals held that Mr. Folse's ten (10) year TDC sentence and felony conviction probated to a term of five (5) years probation is a more strategically sound course of action than seeking a reduction of the felony charge to a misdemeanor. This cannot pass as sound defense strategy. The Court failed to argue any support for this "strategy" and only stated that a thirty (30) day term of confinement on a class A misdemeanor DWI (with no felony conviction) is a worse outcome than what Appellant actually received.

Appellant was incarcerated approximately six months in the T.D.C.J. Substance Abuse Felony Punishment Facility. This was followed by a three (3) month stay at a halfway house. (RR.Supp.6) This nine (9) months of confinement is nearly what the maximum punishment on a Class A misdemeanor carries. The county courts at law in Nueces County, Texas, regularly approve probation for Class A misdemeanor DWI, and not nine (9) months county jail.

Under the first prong of *Strickland*, counsel's performance in this case was

8

"deficient," such that counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id* at 687. Three months passed between when counsel appeared with Appellant at arraignment and the guilty plea. Even if counsel never inspected discovery before the plea date, the State's case made all necessary investigation into Appellant's criminal history. In the plea paperwork, the prosecutor delivered these Dallas County records to trial counsel before entering them into evidence. (CR42-46)

Advising Appellant to plea guilty to felony DWI after receiving evidence that controverted the enhancement portion of the State's indictment was deficient due to counsel's failure to investigate Appellant's case. Trial counsel had sufficient time to investigate the State's enhancement paragraphs and compare it to the State's evidence on the alleged 1982 DWI but failed to do so.

In order to show that counsel's performance was "deficient," the defendant must show that it fell below an "objective standard of reasonableness." *Strickland* at 669. Counsel has a duty to provide advice to his client about what plea to enter, and that advice should be informed by an adequate investigation of the facts of the case[1] or be based on a reasonable decision that investigation was unnecessary.[2]

---

[1] *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex.Crim.App. 2009)

[2] *Goodspeed v. State*, 187 S.W.3d 390, 392-93 (Tex.Crim.App. 2005)

9

A criminal-defense attorney "must have a firm command of the facts of the case" before he or she may render reasonably effective assistance of counsel. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990) Trial counsel's lack of action upon being shown evidence to assist Appellant shows he did not have a "firm command of the facts" when advising him to plea guilty to felony DWI.

An alleged conviction for enhancement that is over thirty (30) years old - whose records are antiquated and devoid of vital indicators of a conviction - should be investigated by a defense attorney under the first prong of *Strickland*. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgements." *Strickland* at 691; (Op.5). Recommending a plea of guilty to an enhanced indictment which lacked proof of a necessary prior conviction is certainly a poor "judgement".

"The right to the effective assistance of counsel is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted, the kind of testing envisioned by the Sixth Amendment has occurred." *U.S. v. Cronic*, 466 U.S. 648, 653-657 (1984). No adversarial testing from Appellant's trial counsel is shown in the record nor does any "strategic" reason exist to support this Court's

10

position that it is good strategy to seek a felony conviction for a client rather than a misdemeanor conviction.

This Court has found that counsel's failure to challenge a prior conviction improperly used to enhance a charge to be one such error. *See Ex parte Felton*, 815 S.W.2d 733, 735-36 (Tex.Crim.App. 1991) The Court of Appeals holding that, "there is nothing in the record showing why Folse's trial attorney did not seek to challenge the validity of the 1982 conviction" is misguided.

The record on appeal affirmatively demonstrates that, given all of the evidence before advising his client to plead guilty to felony DWI, trial counsel's performance was objectively unreasonable and constituted ineffective assistance of counsel under the first prong of *Strickland*.

## FIRST *STRICKLAND* PRONG: REASONABLENESS OF INITIAL APPELLATE COUNSEL'S PERFORMANCE

## LAW ON EFFECTIVE COUNSEL ON APPEAL

"Appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134 (1967). This includes the first appeal as of right. See *Douglas v. California*, 372 U.S. 353, 357 (1963). Of the several Texas courts of appeals to have addressed this issue, all have held, as a

11

matter of federal constitutional law, that the period for filing a motion for new trial is a critical stage. See *Massingill v. State*, 8 S.W.3d 733, 736-37 (Tex. App-Austin 1999, pet.ref'd) (in order to obtain meaningful appeal, sometimes a defendant must prepare, file, present, and obtain a hearing on a motion for new trial; it is unreasonable to require him to do this without assistance); see also *Funk v. State*, 188 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006, no pet.); *Champion v. State*, 82 S.W.3d 79, 83 (Tex.App.-Amarillo 2002, pet. ref'd); *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex.App.-Texarkana 2000, pet. ref'd); *Hanson v. State*, 11 S.W.3d 285, 288 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd)

Counsel must timely comply with the procedural rules necessary to perfect the appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). Counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either that a rational defendant would want to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996), cert. denied, 519 U.S. 1119 (1997).

Counsel has a duty to raise an issue that would require reversal of the conviction. *Ex parte Daigle*, 848 S.W. 2d 691 (Tex.Crim.App. 1993); *United*

*States v. Williamson*, 183 F.3d. 458 (5th Cir. 1999); *Smith v. Robbins*, 528 U.S. 259 (2000); *United States v. Bass*, 310 F. 3d. 321 (5th Cir. 2002); *Ex parte Miller*, 330 S.W.3d 610 (Tex.Crim.App. 2009) A breakdown in the adversarial process implicating the Sixth Amendment is not limited to counsel's performance as a whole; specific errors and omissions may be the focus of a claim of ineffective assistance as well. *United States v. Cronic*, 466 U.S. 648 (1984).

## ANALYSIS

On July 31, 2013, Appellant wrote the trial court requesting an appeal due to ineffective assistance from trial counsel. (CR54) On August 9, 2013, Appellant's trial counsel withdrew and the trial court appointed attorney Alicia Cuellar. (CR 60) Appellant's motion for new trial was due by August 21, 2013. Ms. Cuellar was appointed with twelve days left in which to research the case and file such motion. Cuellar took no action to fulfill her duties to Appellant after appointment. Had Cuellar made contact with Appellant as required under T.C.C.P. Article 26.04(j), she likely would have filed a motion for new trial as she believed Appellant only had one prior DWI conviction and that a jurisdictional issue was present. *Infra*. See Cuellar's letter. (CR.SUPP.4) See also (Op.8)

On September 20, 2013, far past the due date for a motion for new trial, the Court of Appeals ordered Cuellar to, within thirty days, review the record and

13

advise the Court of Appeals as to whether Appellant had a right to appeal. After receiving no response from Cuellar for three (3) months, the Court of Appeals on December 20, 2013, was forced to abate the appeal and remand it back to the trial court for a hearing to determine why Cuellar failed to comply with the order to review the record.

Finally, a hearing was had on April 23, 2014, to determine Appellant's rights on appeal over eight (8) months after Cuellar was appointed. Cuellar's letter gave this response on her complete lack of effort or investigation after appointment:

> "I had not met with my client, Joseph Folse until today, April 23, 2014. I had tried to contact Mr. Folse when I was first when I was first appointed to do his appeal and was unsuccessful because he was in Substance Abuse Felony Punishment Facility (SAF-PF) and now currently in a halfway house in Alice, Texas."

Appellant was incarcerated at SAF-PF Unit in San Diego, Texas, approximately sixty-five miles from Corpus Christi, Texas.[3] Alice, Texas, is approximately 45 miles from Corpus Christi, Texas.[4]

Cuellar's excuse is simply not acceptable as to why contact with Appellant

---

[3] Approximation from:
http://www.mapquest.com/maps?1c=San%20Diego&1s=TX&2c=Corpus%20Christi&2s=TX

[4] Approximation from:
http://www.mapquest.com/maps?1c=Alice&1s=TX&2c=Corpus%20Christi&2s=TX

was not timely made. Cuellar's letter to the trial court contains stationary which reads, "35 Years of Experience." (CR.SUPP.4) Cuellar was appointed because she availed herself of such appointments with the Court Master of Nueces County, Texas. In her 35 years of experience, she should certainly know that all units within TDCJ allow attorney's access to its inmates via in-person meetings, via telephone conferences, and via regular mail.

Even without contact, the Court of Appeals confirms that the basis for filing a new trial was clearly present within the record:

> "Even if Cuellar could not get in contact with Folse before the motion for new trial deadline, she had access to the trial record, which contained the Dallas County Clerk computer printout. A diligent review of the record would therefore have revealed some question regarding the validity of the 1982 'conviction' and may have alerted Cuellar of the need to file a motion for new trial in order to obtain testimony from trial counsel as to why he advised Folse to plead guilty to felony DWI. " See (Op.8).

The Court of Appeals showed that there was viable grounds for filing a motion for new trial had Cuellar taken any action to fulfill her duty of representation. The possibility that such motion could have been denied by the trial court is the Court's only basis behind holding that Appellant's claim fails under *Strickland*. Contrary to the record evidence which provided a viable basis for a motion for new trial, the Court still held: "In any event, assuming.......Cuellar

was ineffective for failing to timely file a motion for new trial, we nevertheless conclude that Folse has not met the second prong of Strickland." (Op.8)

How this conclusion is reached by the Court of Appeals is confounding as the Court's previous sentence states Cuellar, upon even a cursory investigation of the record, would have been alerted of the need to file a motion for new trial. If the Court felt that the record supported the filing of a motion for new trial, how can it contemporaneously hold that, "we cannot say that it is 'reasonably probable' that a motion for new trial alleging ineffective assistance would have been granted."

On direct appeal, it is difficult for appellant to rebut the strong presumption counsel's conduct fell within the wide range of reasonable professional assistance. *Belcher v. State*, 93 S.W. 3d 593, 596 (Tex.App. - Houston [14th Dist.] 2002) quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim involving such a serious allegation. *Id.*

Here, however, we have record evidence that appellant's initial counsel was completely uninvolved during the critical time for filing a motion for new trial[5] AND the Court of Appeals' opinion shows a viable basis for such motion existed

---

[5] See *Massingill v. State*, 8 S.W.3d 733, 736-37 (Tex. App - Austin 1999, pet. ref'd)

16

within the record. Appellant's second counsel on appeal made this clear in Appellant's brief. (pp. 8-9)

Cuellar certainly had avenues of access to Appellant, to fulfill her duties after appointment, but failed to do so without any meaningful or understandable explanation to the trial court. Although Cuellar's letter to the trial court was certainly beneficial to Appellant's claims on appeal, this was the only assistance she gave Appellant during the calendar year in which she was obligated to assist Appellant in preserving and asserting his rights.[6]

Failing to make any meaningful effort to contact Appellant, to request records on appeal, to investigate what this appeal is even about, to miss the deadline for filing for a new trial by over seven (7) months, cannot not fall within the wide range of reasonable professional assistance on appeal.

To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. The record on appeal affirmatively demonstrates that Cuellar's

---

[6] Cuellar was appointed August 9, 2013, and withdraw July 11, 2014. (CR 60 & docket entry #65 - http://www.co.nueces.tx.us/districtclerk/criminal/offense_search.asp?cn=13001135&Submit1=1 3001135-H+).

17

performance was objectively unreasonable and constituted ineffective assistance of counsel on direct appeal under the first prong of *Strickland*.

## SECOND *STRICKLAND* PRONG: REASONABLE PROBABILITY RESULT WOULD HAVE BEEN DIFFERENT AT TRIAL

The second *Strickland* prong requires showing that deficient performance prejudiced the defense such that, but for the deficiency, there is a reasonable probability the trial result would have been different. *Strickland*, 466 U.S. at 694; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Smith v. State*, 286 S.W.3d 333, 340 (Tex.Crim.App. 2009); see *Strickland* at 694.

The Court of Appeals made no analysis on the second prong and only ruled, "we find that at least one prong of *Strickland* is lacking". (Op.9) Initial appellate counsel's letter clearly recognized how the result could have been substantially different: "Probably his case should have been handled as a misdemeanor and not a felony......*the enhancement stated in the indictment should have been challenged by defense counsel but failed to do so.*" (CR.SUPP.4)

The record shows that neither the State nor the trial court was appraised of the alleged deficiency in governmental records until Cuellar followed the lower court's order and ascertained this case, "should have been handled as a

18

misdemeanor and not a felony."

The Court's opinion also supported Appellant's claim that he disputed the State's allegation of a DWI conviction in 1982, not the charge from 1988: "there is no dispute that Folse was previously convicted of DWI in 1998." (Op.7) This implicitly concedes that there was a recognized dispute over the 1982 allegation.

It appears from this letter that the State concurred with Cuellar that there was a jurisdictional issue to investigate. It was after this report to the trial court that the court certified that Appellant had the right to appeal his guilty plea nine months later. (CR.SUPP.6) This is a strong indication that both the prosecution and the trial court saw that something was amiss and warranted review by the Court of Appeals.

The 1982 Dallas County records are not conclusory by any means which is specifically acknowledged by the Court of Appeals' opinion. (Op.5) Appellant's plea in this case was given after ineffective assistance was rendered which would suggest it was made involuntarily. See *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)(quoting *McMann v. Richardson*, 397 U.S. 759,771 (1970); "voluntariness of the plea depends on whether counsel's advice'was within the range of competence demanded of attorneys in criminal cases.'"

To satisfy the second prong of *Strickland*, an appellant must show there is a

reasonable probability that, but for counsel's errors, Appellant would not have entered a plea and would have insisted on going to trial to challenge the felony charge. See *Hill*, 474 U.S. at 59, ; *Ex parte Pool* at 286. Appellant's two letters to the trial court, along with his statement to the trial court at the appeal status hearing[7], is evidence that he would have insisted on going to trial had his attorney investigated all matters in this case - namely that it shouldn't have been a felony case. (CR54, 56)

## SECOND *STRICKLAND* PRONG: REASONABLE PROBABILITY THAT THE RESULT WOULD HAVE BEEN DIFFERENT ON DIRECT APPEAL

The second *Strickland* prong requires showing that deficient performance prejudiced the defense such that, but for the deficiency, there is a reasonable probability the trial result would have been different. *Strickland*, 466 U.S. at 694; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Smith v. State*, 286 S.W.3d 333, 340 (Tex.Crim.App. 2009).

Irregardless of Cuellar's ineffective assistance to Appellant, Ms. Cuellar still lent credence to the motion for new trial that was never filed. In her letter to the trial court, Cuellar states that after researching the situation and

---

[7] "He did not say a word or let you know anything about my case." (RR.Supp.4)

speaking to the prosecutor on the case: "Mr. Folse's claim as to having only one prior conviction for DWI.......should have been handled as a misdemeanor and not a felony." (CR.SUPP.4)

Cuellar identifies the clear deficiency within the State's case when she finally investigates the case. It should then be expected that after her "35 years of experience" that she would have filed a motion for new trial based upon the jurisdictional deficiency she herself identified in her letter to the trial court (CR.SUPP.4)

The trial court granted Appellant the right to appeal upon learning of this jurisdictional issue from Cuellar. This would lead to surmising that the trial court would have also granted a new trial had this jurisdictional issue been presented in a timely motion for new trial.

## CONCLUSION

The assistance Appellant received, both at trial and on direct appeal, was not objectively reasonable in light of the record in this case.

## PRAYER

Appellant prays that the judgment of the Court of Appeals be reversed and the case remanded to the trial court for a new trial.

21

Respectfully submitted,

/s/ *Travis Berry*
Travis Berry
Texas Bar No. 24059194
P.O. Box 6333
Corpus Christi, Texas 78466-6333
Telephone: (361) 673-5611
Facsimile: (361) 442-2562

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of appellant's Petition has been delivered via efiling and email to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711-3046, and delivered via email to the Nueces County District Attorney, 901 Leopard, Corpus Christi, Texas, 78401on this September 16, 2015.

/s/ *Travis Berry*
Travis Berry

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the undersigned certifies this Petition for Discretionary Review complies with the type-volume limitations announced in Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure.

1.  The undersigned certifies that the Petition for Discretionary Review contains no more than **4,472** words in proportionately spaced typeface, an amount of words within the limits set forth in Rule 9.4(i)(2)(D)

2.  The brief has been prepared in proportionately spaced typeface using WordPerfect 12 in 14 pt. Times New Roman. Footnotes are used in this Petition for Discretionary Review. Their text has been included and accounted for in the above word count.

3.  The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits states in Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure, may result in the Court striking the Petition.

/s/ *Travis Berry*
Travis Berry

EXHIBIT #1

# CERTIFICATION OF CRIMINAL HISTORY RECORD INFORMATION

STATE OF TEXAS

COUNTY OF TRAVIS

Pursuant to the authority contained in Rule 902, Sections 1 and 4, Texas Rules of Evidence, and Subchapter F, Chapter 411, Texas Government Code, I, Elaine Smith, Section Supervisor, Access and Dissemination Bureau, Crime Records Service, Texas Department of Public Safety, do hereby certify I am the deputy custodian of the criminal history record information of Crime Records Service of the Texas Department of Public Safety. I further certify the attached __4__ page (s) are a true and correct copy of the records on file at the Texas Department of Public Safety, that I am legally authorized to produce, for the following:

### TEXAS CRIMINAL HISTORY RECORD

Texas SID: **01830772**    **FOLSE,JOSEPH EUGENE**

Date of Birth: **6/30/1955**

In Testimony Whereof, I hereunto set my hand and affix the seal of the Texas Department of Public Safety. Done at my office in Austin, Texas on this 22nd day of September, 2014.



Elaine Smith
Section Supervisor
Access and Dissemination Bureau
Crime Records Service
Texas Department of Public Safety

# TEXAS DEPARTMENT OF PUBLIC SAFETY

## CRIMINAL HISTORY



The information contained in this record reflects only information contained in the Computerized Criminal History database maintained by the Texas Department of Public Safety. Contact the contributing agency for specific or additional information regarding charges or dispositions. The contents of this record are confidential and intended for dissemination only to criminal agencies or other individuals or agencies authorized by law to receive criminal history record information. UNAUTHORIZED USE OR DISCLOSURE OF THE INFORMATION CONTAINED IN THIS RECORD MAY RESULT IN SEVERE CRIMINAL PENALTIES. SEE SECTION 411.085 OF THE TEXAS GOVERNMENT CODE.

CRIME RECORDS SERVICE
P.O. BOX 4143
AUSTIN, TEXAS 78765-4143
PHONE 512-424-2079

TEXAS DEPARTMENT OF PUBLIC SAFETY COMPUTERIZED CRIMINAL HISTORY

THE FOLLOWING RECORD PERTAINS TO DPS NUMBER/ TX 01830772
ADDITIONAL INFORMATION AVAILABLE FROM CORRECTION TRACKING SYSTEM (CTS)
THIS RECORD INCLUDES AT LEAST ONE FELONY CONVICTION.

**NAME (S)**
FOLSE,JOSEPH EUGENE
FOLSE,JOE(AKA)
FOLSE,JOSEPH(AKA)



**FBI NUMBER**
349788K4

**DPS NUMBER**
TX01830772

**ID NUMBER**

**SOCIAL SECURITY**
455042998

**DRIVERS LICENSE**
07827703 TX

**SEX**
M

**RACE**
W

**SKIN TONE**
LGT

**HEIGHT**
508

**WEIGHT**
190

**DATE OF BIRTH**
06-30-1955

**HAIR COLOR**
WHI

**EYE COLOR**
BLU

**FINGERPRINT PATTERN**
19TT56COCO1854551817

**AFIS FINGERPRINTS**

**RIDGE COUNT**

**PRIMARY CLASS**

**HENRY CLASS**
19 M  9 TR     IO     SC
   L  5 RR   IIO 17   SSM

**PLACE OF BIRTH**
TX

**CITIZEN**
US

**III CODE**
S

**SCARS, MARKS AND TATTOOS**
SC BACK
SC CHEST
SC R ARM
TAT L ARM

**ALIAS DOB**

**DNA**
Y

**DATE OF REPORT**
09-23-2014

**ORIGINATION DATE**
10-24-1973

**DATE OF LAST UPDATE**
09-18-2014

Page 1 of 4

**EVENT CYCLE 1**

ARREST DATE             09-03-1972
TYPE                   ADULT
AGENCY             TX0570000 - DALLAS COUNTY SHERIFF'S OFFICE

TRACKING SUFFIX *001

OFFENSE DATA

    AGENCY ID NUMBER     224129
    OFFENSE                ASSLT-(FREE TEXT)
    CITATION
    OFFENSE DESC         ASSLT -THREATS

NO PROSECUTION DATA AVAILABLE

NO COURT DATA AVAILABLE

**EVENT CYCLE 2**

ARREST DATE             07-01-1974
TYPE                   ADULT
AGENCY             TXDPD0000 - DALLAS POLICE DEPARTMENT

TRACKING SUFFIX *001

OFFENSE DATA

    AGENCY ID NUMBER     131975
    OFFENSE                DANGEROUS DRUGS-(FREE TEXT)
    CITATION
    OFFENSE DESC         DANGEROUS DRUGS -VIOL CONTROL SUBSTANCE ACT
    DISPOSITION             RELEASED WITHOUT PROSECUTION
    DISPOSITION LITERAL    NCF 7-1-74

NO PROSECUTION DATA AVAILABLE

NO COURT DATA AVAILABLE

**EVENT CYCLE 3**

ARREST DATE             04-08-1977
TYPE                   ADULT
AGENCY             TX1780000 - NUECES CO SO CORPUS CHRISTI

TRACKING SUFFIX *001

OFFENSE DATA

    AGENCY ID NUMBER     63462
    OFFENSE                DRUNKENNESS-(FREE TEXT)
    CITATION
    OFFENSE DESC         DRUNKENNESS -

NO PROSECUTION DATA AVAILABLE

NO COURT DATA AVAILABLE

**EVENT CYCLE 4**

ARREST DATE             03-10-1982
TYPE                   ADULT
AGENCY             TXDPD0000 - DALLAS POLICE DEPARTMENT

TRACKING SUFFIX *001

OFFENSE DATA

    AGENCY ID NUMBER     131975
    OFFENSE                DRIVING UNDER INFLUENCE LIQUOR
    CITATION
    OFFENSE DESC         DWI

NO PROSECUTION DATA AVAILABLE

NO COURT DATA AVAILABLE

## EVENT CYCLE 5

ARREST DATE 03-25-1988
TYPE ADULT
AGENCY TX0430000 - COLLIN COUNTY SHERIFF'S OFFICE

### TRACKING SUFFIX *001

OFFENSE DATA

 AGENCY ID NUMBER 61040
 OFFENSE DRIVING UNDER INFLUENCE LIQUOR
 CITATION
 OFFENSE DESC DWI

NO PROSECUTION DATA AVAILABLE

COURT DATA

 COURT OFFENSE DRIVING UNDER INFLUENCE LIQUOR
 CITATION
 OFFENSE DESC DWI
 DISPOSITION CONVICTED
 DISPOSITION DATE 11-18-1988
 CONFINEMENT 60D
 PROVISION FINE & COST

## EVENT CYCLE 6

TRACKING NUMBER 919300141X
ARREST DATE 11-02-2012
TYPE ADULT
AGENCY TX1780500 - PORT ARANSAS PD
NAME FOLSE,JOSEPH EUGENE

### TRACKING SUFFIX A001

OFFENSE DATA

 AGENCY CASE NUMBER 0010169602
 OFFENSE AGENCY TX1780500 - PORT ARANSAS PD
 OFFENSE DRIVING WHILE INTOXICATED 2ND
 CITATION PC 49.09 (A)
 LEVEL & DEGREE MISDEMEANOR - CLASS A
 DISPOSITION HELD
 DISPOSITION DATE 11-02-2012
 REFFERRED TX178013A - COUNTY ATTORNEY'S OFFICE

PROSECUTION DATA

 PROSECUTION AGENCY TX178013A - COUNTY ATTORNEY'S OFFICE
 ACTION PROSECUTOR HAS REJECTED THE CHARGE WITHOUT A PRE-TRIAL DIVERSION
 ACTION DATE 02-26-2013
 OFFENSE DRIVING WHILE INTOXICATED 2ND
 CITATION PC 49.09 (A)
 LEVEL & DEGREE MISDEMEANOR - CLASS A

NO COURT DATA AVAILABLE

### TRACKING SUFFIX C001

NO OFFENSE DATA AVAILABLE

PROSECUTION DATA

 PROSECUTION AGENCY TX178015A - NUECES COUNTY DISTRICT ATTORNEY
 ACTION PROSECUTOR ACCEPTS THE CHARGE
 OFFENSE DRIVING WHILE INTOXICATED 3RD OR MORE
 CITATION PC 49.09 (B)
 LEVEL & DEGREE FELONY - 3RD DEGREE

COURT DATA

| | |
|---|---|
| COURT AGENCY | TX178095J - 347TH DISTRICT COURT CORPUS CHRISTI |
| COURT OFFENSE | DRIVING WHILE INTOXICATED 3RD OR MORE |
| CITATION | PC 49.09 (B) |
| LEVEL & DEGREE | FELONY - 3RD DEGREE |
| DISPOSITION | CONVICTED |
| DISPOSITION DATE | 07-22-2013 |
| SENTENCE DATE | 07-22-2013 |
| CAUSE NUMBER | CR13001135H |
| FINAL PLEADING | GUILTY |
| CONFINEMENT | 10D |
| PROBATION | 5Y |
| FINE | 2000 |
| COURT COST | 349 |
| RECEIVING CUSTODY | TX178025G |

HISTORY OF CUSTODY EVENTS

| | |
|---|---|
| CUSTODY AGENCY | TX236065C - DEPT OF CRIMINAL JUSTICE HUNTSVILLE |
| OFFENSE DATE | 08-15-2013 |
| AGENCY ID NUMBER | 01871282 |
| SENTENCE EXPIRATION | 02-15-2014 |
| COMMITMENT COUNTY | NUECES |
| STATUS START DATE | 08-15-2013 |
| STATUS SUPERVISION | SUBSTANCE ABUSE PUNISHMENT |
| SUPERVSION LITERAL | TX236065C 01871282 DEPT OF CRIMINAL JUSTICE HUNTSVILLE - DEPT OF CRIMINAL JUSTICE HUNTSVILLE |

| | |
|---|---|
| CUSTODY AGENCY | TX236065C - DEPT OF CRIMINAL JUSTICE HUNTSVILLE |
| OFFENSE DATE | 11-02-2012 |
| AGENCY ID NUMBER | 01871282 |
| SENTENCE EXPIRATION | 11-18-2014 |
| COMMITMENT COUNTY | NUECES |
| STATUS START DATE | 02-18-2014 |
| STATUS SUPERVISION | PROBATION |
| SUPERVSION LITERAL | TX236065C 01871282 DEPT OF CRIMINAL JUSTICE HUNTSVILLE - DEPT OF CRIMINAL JUSTICE HUNTSVILLE |

END OF REPORT
UNAUTHORIZED USE OR DISCLOSURE OF THE INFORMATION CONTAINED IN THIS RECORD MAY RESULT IN SEVERE CRIMINAL PENALTIES. SEE TEXAS GOVERNMENT CODE SECTION 411.085.



# APPENDIX:

# JUDGEMENT AND OPINION FROM THIRTEENTH COURT OF APPEALS



# THE THIRTEENTH COURT OF APPEALS

13-13-00459-CR

JOSEPH FOLSE
v.
THE STATE OF TEXAS

On Appeal from the
347th District Court of Nueces County, Texas
Trial Cause No. 13-CR-1135-H

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be AFFIRMED. The Court orders the judgment of the trial court AFFIRMED.

We further order this decision certified below for observance.

July 2, 2015



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSEPH FOLSE,                                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Garza**

This appeal arises from the conviction of appellant, Joseph Folse, for felony driving while intoxicated (DWI) based on two prior DWI convictions. *See* Tex. Penal Code Ann. § 49.09 (West, Westlaw through Ch. 46, 2015 R.S.). By one multifarious issue, Folse alleges that (1) his trial counsel was ineffective for failing to challenge one of the prior DWI convictions; (2) his trial counsel was ineffective for advising him to enter into a plea

bargain for an enhanced sentence; and (3) his court-appointed appellate counsel was ineffective for failing to communicate over several months during a critical part of his appeal. We affirm the conviction.

## I. BACKGROUND

On July 22, 2013, Folse pled guilty to felony DWI pursuant to a plea bargain. The two prior DWIs alleged as elements of the charged offense were a 1982 misdemeanor DWI conviction in Dallas County and a 1998 misdemeanor DWI conviction in Collin County. At sentencing, Folse specially affirmed that the allegations regarding the prior DWI convictions were true. After a recess to clarify defense counsel's questions regarding a substance abuse program, Folse again admitted to his two prior convictions. The trial court found the allegations true and, following the State's recommendation made as part of the plea bargain, sentenced Folse to ten years in prison, assessed a $2,000 fine, suspended the prison sentence, and placed Folse on community supervision for five years.

On July 31, 2013, Folse filed a pro se notice to appeal. On August 9, 2013, Folse's trial attorney withdrew as counsel and, that same day, the trial court appointed attorney Alicia Cuellar to determine if there were sufficient grounds for an appeal. Cuellar had twelve days after her appointment to file a motion for new trial based on the July 22, 2013 judgment. See TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). No motion for new trial was filed and Folse did not meet with Cuellar until an appeals status hearing on April 23, 2014.[1] The undisputed reason for the

_____

[1] On September 20, 2013, we ordered Cuellar to, within thirty days, review the record and advise this Court as to whether Folse had a right to appeal. Because we received no response, on December 20,

2

delay in communication was Folse's participation in a drug rehabilitation clinic and subsequent participation in a halfway house. At the appeals status hearing, Cuellar submitted a letter to the trial court stating there were possible valid grounds for an appeal on the basis that Folse may have only one prior DWI conviction; therefore, "[p]robably his case should have been handled as a misdemeanor and not a felony."[2] The trial court certified Folse's right to appeal that same day. *See* TEX. R. APP. P. 25.2. According to the record, there was no further activity until July 2014, when the trial court granted Cuellar's motion to withdraw as appellate counsel. Folse's current appellate counsel was then appointed.

## II. DISCUSSION

Folse appeals based on ineffective assistance of counsel at the trial level and the appellate level. Folse argues his trial attorney erred by advising him to plead guilty to felony DWI where one of the two prior "convictions" was possibly not a conviction. Folse argues the 1982 DWI charge lacked a disposition, sentence, or specific offense; therefore, the charge was not a "conviction" for purposes of the DWI statute. *See* TEX. PENAL CODE ANN. § 49.09. He contends his trial counsel's failure to investigate the claim fell below the standard of objective reasonableness. Folse further alleges that Cuellar was ineffective for allowing the opportunity to file a motion for new trial to pass and for failing to contact him for over eight months. Although Folse's issue is multifarious, we

---

2013, we abated the appeal and remanded to the trial court for a hearing to determine why Cuellar failed to comply with the order, whether Folse desired to prosecute the appeal, whether Folse was indigent, and whether Folse was entitled to appointed counsel. The April 23, 2014 hearing was conducted for this purpose.

[2] Cuellar made this determination after a short recess from the hearing to confer with Folse regarding whether there were grounds for an appeal. Earlier in the hearing, Cuellar stated she was going to file a motion to dismiss the appeal.

decide to review it because we can identify his complaints with reasonable certainty. *See Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd).

## A. Standard of Review and Applicable Law

Both federal and state constitutions guarantee an accused the assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West, Westlaw through Ch. 46, 2015 R.S.). In determining whether a criminal defendant was afforded ineffective assistance of counsel, the United States Supreme Court has set forth a two-prong test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rodriguez v. State*, 424 S.W. 3d 155, 158–59 (Tex. App.—San Antonio 2014, no pet.).

First, the appellant must demonstrate counsel's performance was deficient to such a degree that it fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). An allegation of ineffectiveness must be firmly founded in the record; that is, the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent

4

attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Once the appellant has demonstrated deficient assistance, he must then establish the second prong by showing there is a reasonable probability the final result would have been different but for counsel's errors. *See Thompson,* 9 S.W.3d at 812–13.

## B.    Trial Counsel

We first address Folse's claim regarding his trial counsel. Folse asserts that his trial counsel was ineffective for not investigating the possibility that his prior 1982 DWI was not a true conviction and by advising him to plead guilty to felony DWI.

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691. Folse points to documents in the record which were attached to his judicial confession and stipulation that he signed pursuant to his plea bargain and which purport to provide an evidentiary basis for his prior DWI convictions. Relevant to the 1982 conviction, the record contains a letter by the Dallas County Clerk stating that all "Class A and B criminal case jackets prior to 1995 have been destroyed in accordance with Local Government Code 202.003." The letter stated that, "[a]s the goal of the Dallas County Clerk is to provide superior customer service, we have included this letter along with a computer printout of the case disposition as it appears in our criminal database." The four-page computer printout contains Folse's name and date of birth. However, it does not state what crime Folse was charged with and it does not explicitly state that he was convicted.[3]

---

[3] The computer printout states, in relevant part:

5

We conclude that Folse has not met the first prong of *Strickland* with respect to his trial counsel. First, there is nothing in the record showing why Folse's trial attorney did not seek to challenge the validity of the 1982 conviction, and a claim for ineffectiveness of counsel must be supported by the record. *See Bone*, 77 S.W.3d at 835; *Thompson*, 9 S.W.3d at 814 n.6.

Second, Folse has not shown that counsel's actions were so outrageous that "no competent counsel" could have engaged in it. *See Goodspeed*, 187 S.W.3d at 392. Even if counsel had determined that the validity of the 1982 conviction was in doubt, there are possible strategic reasons why Folse's trial counsel may have advised Folse to accept the plea bargain. For example, even if the computer printout from the Dallas County Clerk was insufficient by itself to establish the 1982 conviction, the State may have proven the 1982 conviction by other means, such as the testimony of a witness. There is nothing in the record establishing that the computer printout was the only evidence that the State could have obtained to prove the 1982 conviction. Because Folse admitted to the conviction in open court, the State was never called upon to provide any additional proof. *See, e.g., Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (noting that "[t]he United States Constitution does not require that the State present evidence in support of a guilty plea in Texas courts" and that, under article 1.15 of the code of criminal procedure, "the defendant may enter a sworn written statement, or may testify under oath in open

---

VERDICT DATE 072182  BY JG  DISP PGBC . . .
SENTENCE DATE ___  BY __  TO __  YEARS __  MTHS __  DAYS __  HOURS __ . . .
PROBATED SENTENCE TO J  YEARS __  MONTHS __  DAYS 30 . . .
PROBATED FOR  YEARS __  MONTHS 12  DAYS __  PROBATION START DATE 072182.

[Abbreviations and blanks in original.]

6

court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and . . . so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea").

Further, even if counsel believed the 1982 conviction was invalid, he may have strategically advised Folse to plead guilty to the felony because the State was offering a plea bargain under which it would recommend probation. There is nothing in the record indicating that a similar plea bargain would have been on the table if Folse pleaded guilty to a misdemeanor. Indeed, as there is no dispute that Folse was previously convicted of DWI in 1998, jail time would have been mandatory if Folse had pleaded guilty to misdemeanor DWI. *See* TEX. PENAL CODE ANN. § 49.09(a) (stating that DWI is a Class A misdemeanor with a minimum term of confinement of thirty days if it is shown that the defendant has one prior DWI conviction).

For these reasons, we cannot agree with appellant's argument that no competent counsel would have allowed his client to plead guilty to felony DWI. Therefore, Folse has not sufficiently met the burden of proving the first prong of *Strickland*.[4]

## C.    Initial Appellate Counsel

With regard to Folse's initial appellate counsel, Cuellar, Folse asserts that, due to her delay in communication, he defaulted on his right to file a motion for new trial. *See* TEX. R. APP. P. 21.4(a). As noted, Cuellar stated in a letter to the court the reason for the extended period of a lack of communication was that Folse was in a substance abuse

---

[4] We note that challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through Ch. 46, 2015 R.S.); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001).

7

program and then a halfway house. Folse does not dispute the facts set out in Cuellar's letter; nevertheless, he claims she was ineffective for her absence during a critical stage of the proceedings.

Cuellar contended in her letter that she could not have feasibly filed a motion for new trial within the applicable time limit because she was unable to confer with Folse until months later. However, even if Cuellar could not get in contact with Folse before the motion for new trial deadline, she had access to the trial record, which contained the Dallas County Clerk computer printout. A diligent review of the record would therefore have revealed some question regarding the validity of the 1982 "conviction" and may have alerted Cuellar of the need to file a motion for new trial in order to obtain testimony from trial counsel as to why he advised Folse to plead guilty to felony DWI.

In any event, assuming but not deciding that Cuellar was ineffective for failing to timely file a motion for new trial, we nevertheless conclude that Folse has not met the second prong of *Strickland*. As explained above, trial counsel could have reasonably advised his client to plead guilty to a felony and receive probation instead of either pleading guilty to a misdemeanor with jail time, or risking a trial with the possibility that the State produce additional evidence of the 1982 conviction and that Folse be found guilty of a felony with a possible punishment of up to ten years in prison. *See* TEX. PENAL CODE ANN. § 12.34 (West, Westlaw through Ch. 46, 2015 R.S.). Under these circumstances, we cannot say that it is "reasonably probable" that a motion for new trial alleging ineffective assistance would have been granted. *See Thompson,* 9 S.W.3d at 812–13.

### III. CONCLUSION

8

Because we find that at least one prong of *Strickland* is lacking as to both trial counsel and appellate counsel, we overrule Folse's issue. The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.